———————

## SUPREME COURT.

WILLIAM A. HINDS agt. PETER S. WOODBURY and others.

If a plaintiff who is required to file *security for costs,* does not file such security within a reasonable time after a peremptory order, the court will, on motion, order judgment of *non pros.* There is nothing in the Code taking away or affecting this power of the court. (*The case of Caldwell* agt. *Manning,* 24 *How. Pr. R.* 38, *approved.*)

As the *bond* to be given by the plaintiff is for the benefit of *all the defendants,* the motion for judgment of *non pros.,* if given for all the defendants, is properly granted as to all, although the remedy against some of them may be lost by the *statute of limitations.*

*New York General Term, February,* 1865.

*Before* INGRAHAM, *P. J.,* SUTHERLAND *and* CLERKE, *Justices.*

APPEAL from order at special term. Peter S. Woodbury and Earl Douglass, two of the defendants in this action, John Kelly, sheriff, being the third, moved for and obtained an order dated February 12th, 1862, that William A. Hinds, the plaintiff, file security for costs, on the ground that he was a non-resident, which order was on appeal affirmed. The terms of the order were as follows : " That the plaintiff file security for costs within twenty days after service of the copy of this order, or if an appeal be taken, then within twenty days after the service of an order deciding said appeal, and that all proceedings of the plaintiff herein

be stayed until such security be filed, and the sureties justify, if excepted to, and that the defendants have $10 costs of the motion."

Upon an affidavit that more than twenty days had elapsed since service of the order of affirmance upon the appeal, and that no copy of any bond for security for costs had been served on the attorneys for the defendants who had moved for it, and that there was not time to serve notice of motion for the next motion day, and upon the clerk's certificate that no bond had been filed, the attorneys for all the defendants united in obtaining an order to show cause why the complaint should not be dismissed, or judgment of *non pros.* entered. After argument of the motion, an order was granted reciting the order for security and the plaintiff's failure to comply, and directing " that the defendants have judgment of *non pros.* in this action against the plaintiff, with ten dollars costs of the motion, to be taxed with the costs in the action." From this order the plaintiff appealed.

GERSHOM A. SEIXAS, *for appellant.*

I. In no case has the court power to dismiss the complaint under the statute relative to security for costs. The only method provided by the statute is to stay all plaintiff's proceedings until security be filed and sureties justify. Sections 4, 5 and 6, of chapter relating to security for costs (*Washburn* agt. *Langley*, 16 *Abb. Pr.* 259).

II. The order was improperly made as to the sheriff, since it nowhere appeared in the motion papers that plaintiff had been required to file security to the sheriff. The practice is well settled that defendant must first obtain an *ex parte* and alternative order, requiring security to be filed within twenty days, or upon failure, to show cause, &c (*Caldwell* agt. *Manning*, 24 *How. Pr. R.* 38). The opinion

in this case expressed that the practice of *non pros.* is retained, is *obiter dictum.*

III. The default was taken at general term, November 21, 1864. The order of *non pros.* was granted upon three days notice, by order to -show cause. If the order of *non pros.* stands, the plaintiff's remedy against defendant Kelly, sheriff, is lost by statute of limitations (§ 92 *of Code*). The order appealed from should be reversed, if for no other reason than that of the statute not being peremptory. (13 *Abb. Pr.* 473; 1 *Duer*, 705; 3 *Duer*, 613.) It was a harsh and sudden exercise of discretion, and affects substantial rights of plaintiff.

A. J. VANDERPOEL, *for defendant Kelly.*

F. H. CHURCHILL, *for the other defendants.*

By the court, SUTHERLAND, J. The practice before and since the Code, in obtaining security for costs, is correctly stated by Justice BARNARD in *Caldwell* agt. *Manning* (24 *How.* 38). He also states correctly the practice before the Code, in case the security was not filed within a reasonable time after a peremptory order to file security. There can be no doubt, I think, as to the power of the court to order judgment of *non pros.* in case the security is not filed within a reasonable time after a peremptory order. For the court to do so, is perfectly consistent with the statutory stay of the plaintiff's proceedings. That the court exercised this power before the Code, see *Champlin* agt. *Petrie* (4 *Wend.* 209); *Glover* agt. *Cumming* (12 *Wend.* 295). There is nothing in the Code taking away or affecting the power of the court. There could be but one bond, and this must be for the benefit of all the defendants. I think the motion was properly made for, and granted as to all of the defendants.

The order should be affirmed, with $10 costs.